UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



AMADO YÁÑEZ OSUNA, *et al.*,

                       Plaintiffs,

-v-

CITIGROUP INC. *et al.*,

                       Defendants.

No. 17-cv-1434 (RJS)
<u>ORDER</u>

RICHARD J. SULLIVAN, Circuit Judge:

On November 18, 2019, Plaintiffs OSA and Yáñez filed an 11-page motion (Doc. No. 91) requesting that the Court impose sanctions on Defendants Citigroup Inc., Citibank, N.A., Citigroup Global Markets, Inc. (together, the "Citi Defendants") for their alleged failure to comply with the conditions set forth in the Court's September 27, 2018 order (Doc. No. 76 ("Op.")). For the reasons set forth below, Plaintiffs' motion is DENIED.

In February 2017, Plaintiff OSA, a Mexican oil services company, and Plaintiff Yáñez, its former CEO, instituted this action against the Citi Defendants and others for breach of three contracts, alleging that Defendants improperly accused Plaintiffs of committing a fraud on Petróleos Mexicanos, the Mexican national oil company. (*See* Op. at 2–4.) After Plaintiffs amended their complaint, Defendants moved to dismiss this action on *forum non conveniens* grounds and for failure to state a claim. (*See* Doc. No. 38.) The Court granted Defendants' motion on September 27, 2018, concluding that Plaintiffs failed to state a claim for breach of contract under Rule 12(b)(6) and that Plaintiffs' remaining tort claims against the Citi Defendants were most conveniently litigated in Mexico. (Op. at 5–15).

Subsequently, Plaintiffs filed a motion for reconsideration of the Court's September 27, 2018 order, or in the alternative, for leave to amend their complaint. (Doc. No. 78.) The Court denied Plaintiffs' motion on August 10, 2019. (Doc. No. 84.) Pursuant to that order, Defendants consented to be sued in Mexico, waived any statute of limitations defense there, consented to enforcement of a final judgment entered by a Mexican court, and agreed to "make available all relevant documentary evidence within their control (subject to the limits set out in the Federal Rules of Civil Procedure) and [to] make available for trial all required witnesses within their control." (Op. at 16.) In light of Defendants' agreement to these conditions, the Court dismissed the action on August 23, 2019 (Doc. No. 86) and entered judgment on September 6, 2019 (Doc. No. 89). Plaintiffs have appealed that judgment. (Doc. No. 90.) Nevertheless, notwithstanding the fact that Plaintiffs have not yet filed a suit in Mexico, they have since requested discovery from Citi Defendants (Doc. No. 91 at 2), and those requests have been denied pending the re-initiation of this action in Mexico (Doc. No. 91-2).[1] This motion followed.

As an initial matter, the Court has jurisdiction to enforce its own orders even when that order is on appeal, absent a stay. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1764 (2015) ("Unless a court issues a stay, a trial court's judgment (say, dismissing a case) normally takes effect despite a pending appeal."); *In re Prudential Lines, Inc.*, 170 B.R. 222, 243 (S.D.N.Y. 1994) ("[W]hile an appeal of an order or judgment is pending, the court retains jurisdiction to implement or enforce the order or judgment."). Indeed, this Court specifically retained jurisdiction to enforce the conditions of the dismissal. (Doc. No. 86 at 2 ("[T]his Court shall retain jurisdiction for the sole purpose of

---

[1] On December 5, 2019, well after Plaintiffs filed their motion for sanctions, Defendants filed a letter notifying the Court that Plaintiffs "recently" filed a complaint in Mexico City, Mexico, asserting claims similar to those Plaintiffs had originally brought in this Court. (Doc. No. 94.) However, Defendants have not yet been served in that matter. (*Id.*)

2

enforcing Defendants' production of discovery pursuant to the Court's September 27, 2018 order.").) Significantly, no party has ever requested a stay of the Court's order pending appeal.

Plaintiffs primarily argue that sanctions – which they curiously contend should involve reconsideration of this Court's *forum non conveniens* decision – are warranted because Defendants have refused to comply with their discovery requests (Doc. No. 91 at 9), which Plaintiffs made on October 7, 2019, after judgment was entered in this Court (Doc. No. 91-1). Essentially, Plaintiffs maintain that they are entitled to discovery before they re-file suit and serve Defendants in Mexico. (Doc. No. 91 at 4.) But the Court's order did not create some free-ranging right to document production untethered from litigation. To the contrary, the condition of dismissal relates to "relevant documentary evidence," and that evidence must have litigation to be relevant *to*. Plaintiffs otherwise point to no authority to support their view that a condition of dismissal for *forum non conveniens* may create a right to discovery when no action is pending before any court. The Court sees no basis for recognizing such a right here. Accordingly, Plaintiffs' motion is DENIED without prejudice to renewal in the event that Defendants refuse to comply with relevant discovery requests following the re-initiation of this lawsuit and service upon Defendants in Mexico.

The Clerk of Court is respectfully directed to terminate the motion pending at document number 91.

SO ORDERED.

Dated: December 6, 2019
New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation